UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE CARLONI and
MICHAEL CARLONI,

      Plaintiffs,

   v.                                     Civil Action No. _____

BUREAU OF COLLECTION RECOVERY, INC.,    **JURY TRIAL DEMANDED**

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Diane Carloni a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Michael Carloni is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3) and 15 U.S.C.§1692c(d).

6. That at all relevant times herein, Michael Carloni has been Diane Carloni's spouse.

7. Defendant Bureau of Collection Recovery, Inc. is a foreign corporation organized under the laws of Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

8. That upon information and belief, Defendant regularly attempts to collect debts alleged to be due another.

9. That all references in this complaint to Defendant shall mean Defendant or an employee or employees of Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Diane Carloni incurred a debt to cellular telephone bill to Cingular Wireless New York. Said debt will hereinafter be referred to as "the subject debt."

11. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. That the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Diane Carloni defaulted on the subject debt.

14. That after Diane Carloni defaulted on the subject debt, Cingular Wireless New York employed Defendant to attempt to collect the subject debt.

15. That in February of 2007, an employee of Defendant called Plaintiffs residence by telephone and spoke to Michael Carloni. During said conversation, Michael Carloni requested that said employee identify the company he was employed by. Said employee refused to identify the name of the company he was employed by.

16. Immediately after the termination of the telephone call described in paragraph 15 of this complaint, the aforesaid employee of Defendant called Plaintiffs residence by telephone and, again, spoke to Michael Carloni. Said employee, again, refused to identify the name of his employer in response to the specific request of Michael Carloni.

17. That in February of 2007, and the day after the telephone calls described in paragraphs 15 and 16 of this complaint, a different employee of Defendant and Plaintiff Michael Carloni reached an agreement whereby Defendant would accept the sum of $582.66 in full satisfaction of Diane Carloni's obligation on the subject debt.

18. That on February 27, 2007, Defendant mailed Plaintiff Diane Carloni a letter confirming the aforesaid agreement that had been reached with respect to the subject debt.

19. That in February of 2007, the employee of Defendant described in paragraphs 15 and 16 of this complaint, called Plaintiffs residence by telephone and spoke to Michael Carloni. During the course of their conversation, said employee called Michael Carloni a liar, and stated that no agreement had been reached to satisfy the subject debt for $582.66.

20. That after all of the aforesaid telephone calls described herein, Defendant called Plaintiffs residence by telephone on the following dates:

     A. March 10, 2007.
     B. March 12, 2007.
     C. March 15, 2007.
     D. March 17, 2007.
     E. March 18, 2007.
     F. Three times on March 19, 2007.
     G. Two times on March 20, 2007.
     H. March 26, 2007.
     I. Four times on March 27, 2007.
     J. Six times on March 28, 2007.
     K. Seven times on April 4, 2007.
     L. Four times on April 5, 2007.
     M. Six times on April 6, 2007.
     N. Five times on April 9, 2007.
     O. Four times on April 10, 2007.
     P. Two times on April 11, 2007.
     Q. April 13, 2007.
     R. Four times on April 14, 2007.
     S. Eight times on April 16, 2007.
     T. April 17, 2007.
     U. Two times on April 18, 2007.

21. That neither Plaintiffs, nor any other person answered any of the telephone calls described in paragraph 20 of this complaint.

22. That by reason of the actions of the Defendant described in this complaint, both of the Plaintiffs became nervous, anxious, upset, and suffered from emotional distress.

## V.   CAUSES OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22 above.

24. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

     A. That Defendant failed to provide meaningful disclosure of their identity in the telephone calls described in paragraphs 15 and 16 of this complaint in violation of 15 U.S.C.§1692d(6).

     B. That during the telephone conversation described in paragraph 19 of this complaint, Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692d(2) by falsely representing to Michael

Carloni that no agreement had been reached relative to the satisfaction of the subject debt, and by calling him a liar.

C. Defendants repeated telephone calls described in paragraph 20 of this complaint were made with the intent to annoy, harass and abuse Plaintiffs in violation of 15 U.S.C.§1692d(5).

25. That as a result of the Defendant's FDCPA violations described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

Dated: May 16, 2007

/s/Kenneth R. Hiller
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Diane Carloni, affirms that the following statements are true and correct under penalties of perjury:

1.  I am the Plaintiff in this civil proceeding.

2   I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: May 9, 2007                    /s/Diane Carloni
                                      Diane Carloni

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Michael Carloni, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2 I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated:  May 9, 2007                              /s/Michael Carloni
                                                Michael Carloni